## TURNEY v. VAN GELDER et al.

*(Supreme Court, General Term, First Department.* March 31, 1892.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE.

A creditor who files his claim with an assignee for the benefit of creditors, and afterwards becomes a party to an action to close the trust, wherein a judgment is rendered discharging the assignee, cannot subsequently maintain an action to set aside the assignment for fraud on the part of the assignors, discovered after the discharge, without alleging fraud in obtaining the judgment closing the trust.

Appeal from special term, New York county.

Action by John Turney against Henry Van Gelder and Charles Van Gelder and Henry J. Newton to set aside an assignment by the two Van Gelders to Newton for the benefit of creditors. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*L. B. Bunnell, (E. H. Benn,* of counsel,) for appellants. *Blumenstiel & Hirsch, (A. Blumenstiel,* of counsel,) for respondent.

PER CURIAM. It appeared upon the trial of this cause that the defendants Van Gelder were doing business under the firm name of Van Gelder Bros., and in May, 1887, made a general assignment, with preferences, the first one being to the assignee himself. The assignee complied with all the requirements of the statute, and when he advertised for claims the plaintiff in this action filed and proved his claim. After that an action was brought by a creditor, on behalf of himself and all other creditors, to close out the trust, in which action a referee was appointed to state the account of the assignee and for distribution of the proceeds of the assigned estate. On the hearing before the referee, the plaintiff appeared, and made his claim; and the referee made his report that the assignee had faithfully and properly discharged his duties, and reporting as to distribution. Upon due notice to the plaintiff and the other creditors who had presented claims, a motion was made to confirm the referee's report, and for final judgment; which motion was granted, and judgment was entered directing distribution, and adjudging that, on complying with directions therein contained, the assignee should be discharged. The assignee did comply therewith, and thereafter, by order of the court, the assignee was discharged, and his sureties released. The plaintiff's claim not having been paid subsequent to the entry of this judgment, he brought this action to set aside the assignment upon the ground of the fraud of the assignors, he claiming to have discovered the fraud subsequent to the entry of the judgment in the action in which the accounting was had and the assignee discharged, but no allegation of fraud in obtaining the judgment in the action for the accounting is set forth in the complaint. Issues having been joined upon this complaint, and the case having been tried, the court gave judgment setting aside the assignment, and directing that the value of all the assigned property be accounted for again, and paid over to the plaintiff, and appointed a receiver and referee to take an account. From this judgment this appeal is taken. It seems to us clear that the court had no authority whatever to render the judgment complained of. By filing his claim in the action for an accounting, he appeared in that action, became a party thereto, and was neces-

sarily bound by the judgment. He was entitled to notice of all subsequent proceedings in that action, and it appears from the judgment that was entered that he had such notice. Therefore, being a party to the action, having intervened for the purpose of getting the benefits of that action, whatever they might be, he was as much bound by the judgment as though he had originally been a party. A judgment can be impeached only upon proof that that judgment was obtained by fraud; and the fact that a party affected by a judgment has discovered something which, if he had known it previously, he might have set up as a defense in the action in which the judgment was rendered, is no ground either for setting aside the judgment or for granting such relief as he would have been entitled to had such judgment never been rendered. In the case at bar the plaintiff had been heard, and there was an adjudication which was binding upon him directing the distribution of the assets, and until he was relieved, by an application in that action, from the effect of the judgment, it was binding upon him, in the absence of fraud in the procuring of that judgment. We think, therefore, that the judgment was erroneous, and that the same should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.