JONES *et al. v.* NEWTON.

*(Supreme Court, General Term, First Department.* June 29, 1892.)

1. RECORDS—AMENDMENTS.
   The power of a court to amend its own records is limited to the correction of actual mistakes and omissions.

2. COSTS—WHO LIABLE—LACHES.
   A party should bear the expense of a trial which was rendered abortive by his laches.

Appeal from special term, New York county.

Action by John Meredith Jones and others against Henry J. Newton, as assignee, etc. From an order correcting judgments by striking out certain recitals therein defendant appeals. Modified.

For decision on appeal from an order affirming the adjustment by the clerk of the fees of the referee, see 11 N. Y. Supp. 510.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*L. B. Bunnell,* (*E. H. Benn,* of counsel,) for appellant. *Blumenstiel & Hirsch,* (*Morris Hirsch,* of counsel,) for respondents.

O'BRIEN, J. In May, 1887, Henry and Charles Van Gelder made an assignment to Henry J. Newton in trust for the benefit of creditors. Subsequent thereto this action was brought by plaintiff and others, creditors of the assignors, to close the trust, which resulted in a reference, at the close of which the referee made a report, to which it is necessary to refer only so far as it contains recitals relating to the action of Turney Bros., Limited, who were creditors of the insolvent firm. The report contains three recitals affecting Turney Bros., Limited: (1) That a copy of the printed advertisement or notice to present claims was mailed to them by the referee; (2) that they, by Blumenstiel & Hirsch, their attorneys, appeared on the reference; (3) that the assignee exhibited and filed with the referee proof of their claim. The judgment in this action was entered on January 10, 1890; the referee's report upon the accounting proceedings directed by the judgment is dated July 7, 1890; and proof is furnished showing that on August 21, 1890, notice of the filing of such report was given to Blumenstiel & Hirsch, who were concededly the attorneys for Turney Bros., Limited. On July 17, 1890, Turney Bros. commenced an action in this court to set aside the assignment as fraudulent, which action resulted in a judgment in their favor, from which an appeal was taken; but as the result of the findings of the referee, and the judgment entered in this action, this court at general term reversed the judgment and ordered a new trial, stating in their opinion: "By filing their claim in this action for an accounting, they appeared, became parties thereto, and were necessarily bound by the judgment. They were entitled to notice of all subsequent proceedings. * * * And it appears from the judgment that was entered that they had such notice. Therefore, being a party to the action, having intervened for the purpose of getting the benefits of that action, whatever they might be, they were as much bound by the judgment as though they had originally been parties." 18 N. Y. Supp. 547. To obviate the force of the general term decision, and upon the claim that the recitals in the referee's report and judgment were erroneous, a motion was made to strike them out. This resulted in the order appealed from, which provides "that the judgment, * * * the judgment roll, and all proceedings herein are hereby amended *nunc pro tunc,* by striking from the record of said judgment roll in this action the recital that Turney Bros., Limited, appeared before the referee in this action; the recital that Turney Bros. proved a claim before the referee in this action; the recital that Turney Bros., Limited, had any notice whatever of the proceedings herein; and any and all recitals which in any

wise connect Turney Bros., Limited, with any of the proceedings in this action." While we are of the opinion that the court has undoubted control and power over its own records, and may therefore amend its judgments or records when there has been a mistake or omission, the exercise of such power should be limited to the correction of such mistakes or omissions. Applying this rule, it is evident that, while some correction was necessary in order to conform the record to the facts as they existed, the order appealed from was too broad in its scope, and should be modified accordingly. We have not the judgment in this action before us as part of the printed record; but, in respect to the recitals in the referee's report which have already been given and other facts appearing, it is clear that, in response to the original notice of the assignee to present claims prior to the commencement of this action, Turney Bros. sent to the assignee their proof of claim. It is also apparent that, after the reference was ordered, a copy of the printed advertisement or notice to present claims was mailed to Turney Bros., and that the assignee exhibited and filed with the referee proof of claim sent him by Turney Bros. These recitals in the report were therefore correct, and should not be stricken out.

A question in dispute between the parties was as to whether or not Turney Bros. appeared upon the reference by Blumenstiel & Hirsch, their attorneys. This dispute was resolved by the learned judge below in their favor, and we see no reason for disturbing the conclusion reached by him upon this disputed fact. It was therefore entirely proper, in view of this conclusion, that the learned judge below should direct the amendment of the record, which included, among other things, the report and judgment, which contained recitals that Turney Bros. had appeared before the referee in the action, and that they proved their claim. But, from what has been stated, it is evident that so much of the order appealed from should be reversed and modified, which provides that the following recitals should be stricken out, viz.: That Turney Bros., Limited, "had any notice whatever of any proceedings herein, and any and all recitals which in any wise connect Turney Bros., Limited, with any of the proceedings in this action." We think, also, that the order should be modified by inserting in the order—instead of the provision to strike out the recital that Turney Bros. proved a claim before the referee in this action—the fact, as correctly stated by the referee in his report, that the claim sent by Turney Bros. to the assignee was by the latter exhibited and filed with the referee. The result of these modifications in the judgment roll and record is to conform the recitals to the true facts, as they were made to appear before the judge below; to the end that, upon a new trial, the parties may be correctly placed before the court, leaving the determination of the questions which will thus arise to that tribunal. In addition to the modifications suggested in the order appealed from, we think that the appellant is entitled to some additional relief in the matter of costs. The judge below might very properly have denied this motion upon the ground of laches. The facts which were made to appear upon the trial of the action brought by Turney Bros. in respect to the recitals in the report and judgment were undoubtedly then within their knowledge, and it was their duty, instead of risking the result of a trial which, though favorable to them, was reversed upon appeal, to have first made a motion similar to the one which resulted in the order appealed from, but which they delayed making until it was pointed out by the general term that such facts were sufficient to estop them from finally succeeding in their action to set aside the assignment as fraudulent. The expenses of the trial which was thus rendered abortive as the result of their laches should not fall upon the appellant here; and though the learned judge below saw fit to grant their motion, and thus relieve them from the obstacle that stood in the way of their succeeding in the action, it should have been upon such terms as were fair and just to the appellant. Our conclusion, therefore, is that the order appealed from should be modified so as to grant the motion, upon con-

dition that the respondents pay the costs of the trial in the action of Turney Bros. and of the appeal therein, together with $10 costs of this appeal and disbursements. All concur.